UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BERNARD GOODALL, | ) | |
| | ) | |
| Plaintiff, | ) | 13 C 1474 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| LEGUM & NORMAN, BILL EARLE, MARGO SMITH, and PHIL DORMAN, | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Bernard Goodall brought this *pro se* race and color discrimination suit under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, against Legum & Norman, his former employer; Margo Smith and Bill Earle, two of his supervisors; and Phil Dorman, the president of the condominium association of the building where Goodall worked as a doorman. Doc. 36. On Defendants' motion, the court dismissed the Title VII race discrimination claims under Federal Rule of Civil Procedure 12(b)(6); the Title VII color discrimination claims remained, as did the § 1981 race and color discrimination claims. Doc. 47.

Defendants have moved for summary judgment under Rule 56. Doc. 48. The briefing schedule required Goodall to respond to the motion by March 28, 2014. Doc. 47. Goodall did not file any response materials and did not seek an extension of time to do so. Doc. 47. Because there is no evidence supporting Goodall's claims of race or color discrimination, Defendants' motion is granted.

**Background**

Consistent with the local rules, Defendants filed a Local Rule 56.1(a)(3) statement of undisputed facts along with their summary judgment motion. Doc. 48, 50. Each factual

1

assertion in the Local Rule 56.1(a)(3) statement cites evidentiary material in the record and is supported by the cited material. *See* N.D. Ill. L.R. 56.1(a) ("The statement referred to in (3) shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph."). Also consistent with the local rules, Defendants filed and served on Goodall a Local Rule 56.2 Notice, which explains in detail the requirements of Local Rule 56.1. Doc. 51. Goodall did not file either a Local Rule 56.1(b)(3)(B) response to the Local Rule 56.1(a)(3) statement or a Local Rule 56.1(b)(3)(C) statement of additional facts.

"[A] district court is entitled to decide [a summary judgment] motion based on the factual record outlined in the [parties'] Local Rule 56.1 statements." *Koszola v. Bd. of Educ. of City of Chi.*, 385 F.3d 1104, 1109 (7th Cir. 2004) (internal quotation marks and alterations omitted); *see also Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings."); *Patterson v. Ind. Newspapers, Inc.*, 589 F.3d 357, 360 (7th Cir. 2009) ("[w]e have repeatedly held that the district court is within its discretion to strictly enforce compliance with its local rules regarding summary-judgment motions"); *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809 (7th Cir. 2005) ("we have ... repeatedly held that a district court is entitled to expect strict compliance with Rule 56.1") (alteration omitted). Goodall's status as a *pro se* litigant does not excuse him from complying with Local Rule 56.1. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel") (citations omitted); *Coleman v.*

*Goodwill Indus. of Se. Wis., Inc.*, 423 F. App'x 642, 643 (7th Cir. 2011) ("[t]hough courts are solicitous of pro se litigants, they may nonetheless require strict compliance with local rules"); *Wilson v. Kautex, Inc.*, 371 F. App'x 663, 664 (7th Cir. 2010) ("strictly enforcing Local Rule 56.1 was well within the district court's discretion, even though Wilson is a pro se litigant") (citations omitted); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) ("even pro se litigants must follow rules of civil procedure").*

Accordingly, the court will accept as true the facts set forth in Defendants' Local Rule 56.1(a)(3) statement, viewing those facts and inferences therefrom in the light most favorable to Goodall. *See* N.D. Ill. L.R. 56. 1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); *Parra v. Neal*, 614 F.3d 635, 636 (7th Cir. 2010); *Rao v. BP Prods. N. Am., Inc.*, 589 F.3d 389, 393 (7th Cir. 2009) ("In accordance with a local rule, the district court justifiably deemed the factual assertions in BP's Rule 56.1(a) Statement in support of its motion for summary judgment admitted because Rao did not respond to the statement."); *Cady*, 467 F.3d at 1061; *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006); *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005); *Koszola*, 385 F.3d at 1108-09; *Smith v. Lamz*, 321 F.3d 680, 682-83 (7th Cir. 2003). That said, the court is mindful that "a nonmovant's failure to … comply with Local Rule 56.1, does not … automatically result in judgment for the movant. The ultimate burden of persuasion remains with [the movant] to show that it is entitled to judgment as a matter of law." *Raymond*, 442 F.3d at 608 (internal citation omitted). The

---

* Goodall twice moved the court to recruit an attorney to represent him. Docs. 5, 31. The court denied the motions on the ground that Goodall did not show that he was a pauper. Docs. 13, 33; *see Brightwell v. Lehman*, 637 F.3d 187, 191 (3d Cir. 2011); *Mittleman v. Dep't of Treasury*, 2003 WL 21384602, at *1 (D.C. Cir. May 27, 2003) (citable pursuant to D.C. Cir. L.R. 32.1(b)(1)(B)).

3

court therefore will recite the facts in Defendants' Local Rule 56.1(a)(3) statement and then proceed to determine whether, on those facts, they are entitled to summary judgment.

Legum & Norman Midwest manages residential condominium buildings, including 1410 N. State Parkway (the "Building"), where Goodall worked as a doorman at all relevant times. Doc. 50 at ¶¶ 2, 7. The Building is owned by the 1410 N. State Parkway Condominium Association, for which Dorman served as president during Goodall's employment. *Id*. at ¶¶ 3-4. Smith and Dorman were both property managers for the Building during Goodall's employment. *Id*. at ¶¶ 5-6.

An ailing economy and a failed business venture to fail forced Goodall, who holds advanced engineering degrees, to take a job as a doorman at the Building in May 2009. *Id*. at ¶¶ 7-8. Legum & Norman Midwest's president, non-party Lou Lutz, interviewed Goodall for the position. *Id*. at ¶¶ 16-17. Concerned Goodall was over-qualified, Lutz told Goodall that he "would look out for ... an engineering[] position" for him. *Id*. at ¶ 17. Goodall and Lutz had occasional conversations during which Goodall asked whether there were any engineering vacancies. *Id*. at ¶ 18. On one occasion, Lutz told Goodall that "nobody wants to give up [their positions]" right now, and Goodall responded that he knew he had to be patient. *Ibid*. Goodall admitted that Lutz had not promised to "offer" Goodall a position and offered only to "look out" for a position for Goodall. *Id*. at ¶ 21. In October 2012, Goodall formally applied for an engineering position. *Id*. at ¶ 21. The Building had only one engineering position, and no openings arose during Goodall's employment. *Id*. at ¶¶ 20, 23.

Although Goodall claims that he was harassed, he conceded that he does not know whether the harassment was due to his race or color. *Id*. at ¶ 24. At some point, Goodall missed his shift to tend to his elderly mother's health issues in New York City. *Id*. at ¶ 26. Goodall

gave Legum prior notice of his anticipated absence, but he did not complete the Family and Medical Leave Act ("FMLA") paperwork that Smith asked him to submit; Goodall refused to submit the paperwork because he did not believe that it was unnecessary. *Id*. at ¶ 26. Smith accordingly suspended Goodall for taking unexcused absences. *Id*. at ¶ 27. Goodall initially pursued a union grievance, but later abandoned it. *Ibid*. Goodall stopped working at the Building in early January 2013. *Id*. at ¶ 7. The Local Rule 56.1(a)(3) statement does not indicate the reason why Goodall's employment ended; that said, Goodall admits that he is not claiming discriminatory or retaliatory discharge in this suit. *Id*. at ¶¶ 10, 14.

Goodall characterized the suspension as "continued harassment of a petty nature." *Id*. at ¶ 25. Goodall also complained that Smith subjected him to "harassment" when, in response to a conversation Goodall had about his long commute from Crete, Illinois, Smith said that "nobody told you to live there." *Id*. at ¶ 28. Goodall also thought Smith harassed him by "nitpicking" Goodall about his failure to wear the shoes and tie required of all doormen. *Id*. at ¶ 29. Goodall also testified that Dorman harassed him by giving him a discretionary $300 year-end tip, which Goodall felt insufficiently compensated him for his work. *Id*. at ¶ 30.

Goodall filed an EEOC charge in late November 2012. *Id*. at ¶ 9. As noted above, Goodall admits that he is not raising in this suit a retaliation claim or a claim that he was discharged due to discrimination. *Id*. at ¶¶ 10, 14. Rather, he alleges in this suit only two adverse employment actions: (1) failure to promote him to an engineer position; and (2) harassment and failure to stop harassment. *Id*. at ¶ 15.

## Discussion

As noted above, Goodall failed to file a brief in opposition to Defendants' summary judgment motion. Goodall's failure to file a brief "does not ... automatically result in judgment

for" Defendants, which "must still demonstrate that [they are] entitled to judgment as a matter of law." *Keeton*, 667 F.3d at 884 (internal quotation marks omitted). As noted above, Goodall claims that Defendants discriminated against him in violation of § 1981 (race and color) and Title VII (race). Title VII and § 1981 claims are analyzed under the same framework, so the court will simplify by referring only to Title VII doctrine and precedents. *See Morgan v. SVT, LLC*, 724 F.3d 990, 995 (7th Cir. 2013); *Smith v. Bray*, 681 F.3d 888, 895-96 & n.2 (7th Cir. 2012); *Egonmwan v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 845, 850 n.7 (7th Cir. 2010) ("The same requirements for proving discrimination apply to claims under Title VII, § 1981, and § 1983.").

To defeat summary judgment, Goodall may proceed under either the direct or indirect methods of proof. *See Coleman v. Donahoe*, 667 F.3d 835, 845 (7th Cir. 2012); *Rodgers v. White*, 657 F.3d 511, 516-17 (7th Cir. 2011). Because Goodall did not respond to the Defendants' motion, the court will consider both methods. *See Morgan*, 724 F.3d at 997. As noted above, the relevant facts are those set forth in Defendants' Local Rule 56.1(a)(3) statement. *See Koszola*, 385 F.3d at 1109 ("a district court is entitled to decide the motion based on the factual record outlined in the Local Rule 56.1 statements") (brackets and internal quotation marks omitted).

"Under the 'direct method,' the plaintiff may avoid summary judgment by presenting sufficient evidence, either direct or circumstantial, that the employer's discriminatory animus motivated an adverse employment action." *Coleman*, 667 F.3d at 845. The appropriate focus under the direct method "is not whether the evidence offered is direct or circumstantial but rather whether the evidence points directly to a discriminatory reason for the employer's action." *Atanus v. Perry*, 520 F.3d 662, 671 (7th Cir. 2008) (internal quotation marks omitted); *see*

6

*also Morgan*, 724 F.3d at 997 ("The plaintiff's task in opposing a motion for summary judgment is straightforward: he must produce enough evidence, whether direct or circumstantial, to permit the trier of fact to find that his employer took an adverse action against him because of his race."); *Everett v. Cook Cnty.*, 655 F.3d 723, 729 (7th Cir. 2011); *Davis v. Time Warner Cable of Se. Wis., L.P.*, 651 F.3d 664, 672 (7th Cir. 2011). "Direct evidence is evidence that, if believed by the trier of fact, would prove discriminatory conduct on the part of the employer without reliance on inference or presumption. In short, direct evidence essentially requires an admission by the decision-maker that his actions were based upon the prohibited animus." *Rhodes v. Ill. Dep't of Transp.*, 359 F.3d 498, 504 (7th Cir. 2004) (citations and internal quotation marks omitted); *see also Morgan*, 724 F.3d at 995; *Coleman*, 667 F.3d at 860; *Everett*, 655 F.3d at 729. Defendants' Local Rule 56.1(a)(3) statement unsurprisingly contains no facts that could constitute direct evidence of discrimination.

"A plaintiff can also prevail under the direct method of proof by constructing a 'convincing mosaic' of circumstantial evidence that allows a jury to infer intentional discrimination by the decisionmaker. That circumstantial evidence, however, must point directly to a discriminatory reason for the employer's action." *Rhodes*, 359 F.3d at 504 (citations and internal quotation marks omitted); *see also Chaib v. Indiana*, 744 F.3d 974, 982 (7th Cir. 2014); *Perez v. Thorntons, Inc.*, 731 F.3d 699, 710 (7th Cir. 2013); *Morgan*, 724 F.3d at 995-96; *Brown v. Advocate S. Suburban Hosp.*, 700 F.3d 1101, 1105 (7th Cir. 2012); *Everett*, 655 F.3d at 729 (explaining that circumstantial evidence is "evidence that points to discriminatory animus through a longer chain of inferences"). Circumstantial evidence typically falls into one of three categories: "(1) ambiguous statements or behavior towards other employees in the protected group; (2) evidence, statistical or otherwise, that similarly situated employees outside of the

protected group systematically receive better treatment; and (3) evidence that the employer offered a pretextual reason for an adverse employment action." *Diaz v. Kraft Foods Global, Inc.*, 653 F.3d 582, 587 (7th Cir. 2011); *see also Chaib*, 744 F.3d at 982; *Perez*, 731 F.3d at 711; *Morgan*, 724 F.3d at 996; *Coleman*, 667 F.3d at 860; *Silverman v. Bd. of Educ. of City of Chi.*, 637 F.3d 729, 734 (7th Cir. 2011). To overcome summary judgment, circumstantial evidence need not "combine to form a tidy, coherent picture of discrimination, in the same way the tiles of a mosaic come together to form a tidy, coherent image, in order for a plaintiff to survive summary judgment." *Morgan*, 724 F.3d at 997. Rather, "[i]f the plaintiff can assemble from various scraps of circumstantial evidence enough to allow the trier of fact to conclude that it is more likely than not that discrimination lay behind the adverse action, then summary judgment for the defendant is not appropriate, and the plaintiff may prevail at trial even without producing any 'direct' proof." *Id*. at 996.

Defendants' Local Rule 56.1(a)(3) statement contains no circumstantial evidence that Defendants engaged in intentional discrimination. Goodall's race or color is never mentioned in conjunction with any action taken towards him. Nothing is said about similarly situated co-workers. And the facts provide no basis whatsoever to doubt the reasons that Defendants provided for suspending Goodall (he failed to file required paperwork) and for refusing to promote him to engineer (no engineer positions were available).

Goodall's claim also fails under the indirect method articulated in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802-05 (1973). The indirect method has three steps. The plaintiff first must make a prima facie case of discrimination, which requires him to establish that (1) he is a member of a protected class, (2) he was qualified for an open position for which he applied, (3) his application was rejected, and (4) either another similarly situated individual who

8

was not in the protected class was placed in the position, or the position remained open and the employer continued to seek applicants from persons of the plaintiff's qualifications. *See Norman-Nunnery v. Madison Area Tech. Coll.*, 625 F.3d 422, 431 (7th Cir. 2010). If the plaintiff makes a prima facie case, "[t]he burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason" for its action. *McDonnell Douglas*, 411 U.S. at 802. If the defendant articulates such a legitimate, nondiscriminatory reason, the burden shifts back to the plaintiff, who must provide evidence that the defendant's stated reason is pretextual. *Id.* at 804-05. "Pretext is more than just faulty reasoning or mistaken judgment on the part of the employer; it is a lie, specifically a phony reason for some action." *Silverman*, 637 F.3d at 743-44 (brackets and internal quotation marks omitted).

On the summary judgment record, Goodall cannot establish a prima facie case of discrimination. He cannot establish the fourth element because Defendants' Local Rule 56.1(a)(3) statement does not mention any similarly situated employees—those that also worked under Lutz, Earle, or Smith, or those that also received tips or other items from Dorman—let alone identify their races or colors. *See McGowan v. Deere & Co.*, 581 F.3d 575, 580 (7th Cir. 2009) ("Because [the plaintiff] is unable to demonstrate that a similarly situated person not in the protected class was treated more favorably than he was, he cannot make out a *prima facie* case of racial discrimination."). Goodall has thus failed to satisfy his burden of showing at least one other employee is comparable to him "in all material respects." *Burks v. Wisconsin Dep't of Transp.*, 464 F.3d 744, 751 (7th Cir. 2006) ("In order for an individual to be similarly situated to the plaintiff, the plaintiff must show that the individual is directly comparable to her in all material respects. Factors relevant to this inquiry include whether the employees … had comparable education, experience and qualifications.") (internal quotation marks and citations

omitted); *see also Filar v. Bd. of Educ. of City of Chi.*, 526 F.3d 1054, 1061 (7th Cir. 2008) ("[To establish the "similarly situated" prong,] the comparator must … be similar enough 'to eliminate confounding variables, such as differing roles [or] performance histories … [so as to] isolate the critical independent variable…"). Goodall's failure in this respect operates as a forfeiture. *See Humphries v. CBOCS W., Inc.*, 474 F.3d 387, 407 (7th Cir. 2007) ("We agree with the district court's determination that [the plaintiff] waived (forfeited would be the better term) his discrimination claim by devoting only a skeletal argument in response to Cracker Barrel's motion for summary judgment."), *aff'd on other grounds*, 553 U.S. 442 (2008); *Witte v. Wis. Dep't of Corr.*, 434 F.3d 1031, 1038 (7th Cir. 2006) ("It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.").

Even if Goodall could make a prima facie case, he cannot show that Defendants' reasons for not promoting him or for suspending him were pretextual. As mentioned above, it is undisputed that the Building has only one engineering position and that the position remained filled during Goodall's tenure. It also is undisputed that the suspension resulted from Goodall's refusal to submit FMLA paperwork following his absence to care for his mother. Nothing in the record shows, let alone suggests, that any of these reasons were "a lie" or "a phony reason" for Defendants' decisions. *Silverman*, 637 F.3d at 743-44.

## Conclusion

For the foregoing reasons, Defendants' motion for summary judgment is granted.

June 18, 2014

United States District Judge